Virgil David HEIN, Plaintiff–Counter–Defendant–Appellant and Cross–Appellee,

v.

TechAMERICA GROUP, INC., and Fermenta Animal Health Co., Defendants–Counter–Claimants–Appellees and Cross–Appellants.

Nos. 92–3337, 92–3378.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1994.

Brian D. Williams (John G. Early with him on the briefs) of Watson, Ess, Marshall & Enggas, Kansas City, Missouri, for Appellant–Cross–Appellee.

Thomas L. Thurston (Thomas A. Hamill with him on the brief) of Perry & Hamill, Overland Park, Kansas, for Appellees–Cross–Appellants.

Before BALDOCK, McWILLIAMS and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

This appeal and cross-appeal each requires resolution of a single issue. On appeal, the issue is whether an employee's interest in an employer's salary continuation plan vested. The trial court concluded it was not and we affirm. On cross-appeal, the issue is whether the employer is entitled to recover benefits and salary paid the employee under the faithless servant doctrine. The trial court concluded it was not and we affirm.

**A**

The trial court's findings of fact were not expressly appealed and we therefore regard the facts as found by the trial court to be undisputed. When the company hired Mr. Hein (Employee) as its vice president, it told him it maintained a salary continuation plan. The subject of vesting in the plan was never discussed, and the salary continuation plan was never prepared in the form, including disclosures, required by the Employee Retirement Income Security Act of 1974 (ERISA). Fermenta Animal Health Co. (Employer) did have a one-page summary of the salary continuation plan prepared by the insurance company providing life insurance policies on all of the plan participants. Employer was the owner and the beneficiary of life insurance policies on each participant. The salary continuation plan contained no provision vesting benefits in any employee. Under the plan, any participant would be excluded from the plan if employment was terminated prior to retirement, death, or disability.

Employee, who was by then the president of the company, attempted to amend the plan to provide for vesting of the benefits when he found out the company was being sold.[1] The company's attorney prepared a document showing his benefits as fully vested prior to the sale. The document was backdated to the time of his initial employment. Employee presented this backdated document to the former president and convinced him to sign it. Shortly after leaving, Employee asserted his benefits were vested, an assertion Employer denied claiming it had been mislead by the unauthorized backdated document.

At trial, Employee contended he was promised a vested interest in the plan (a) when he joined the company, or (b) when he joined the board of directors, or that (c) the backdated document he caused to be prepared and executed merely memorialized the existing, but previously unwritten, benefit plan. The trial court found against him on all three factual contentions and concluded he did not have a vested interest in the

---

1. The new owners changed the name of the company from TechAmerica Group, Inc. to Fermenta Animal Health Company.

unwritten plan. The court also concluded the salary continuation plan is an employee pension benefit plan covered by ERISA.

Employee appeals asserting the trial court erroneously applied the law in two respects. First, he asserts if an employer completely fails to comply with any of the disclosure or reporting requirements of ERISA, the plan participant is thereby entitled to vesting of all benefits as a matter of law. Second, he asserts an employer must be equitably estopped from denying full vesting if its failure to inform the participant of how benefits can be forfeited induces the participant to render services in the honest belief benefits are vested. Employer asserts both of Employee's issues are raised for the first time on appeal. We conclude both issues, although more clearly raised here, were adequately raised before the trial court. The trial court's factual findings are not expressly appealed. We review the trial court's conclusions of law de novo. *Sage v. Automation, Inc. Pension Plan & Trust,* 845 F.2d 885, 890 (10th Cir.1988) (de novo construction of federal regulation).

**I**

Employee's first argument involves the effect of the failure to comply with ERISA's requirements. ERISA requires every employee benefit plan to be established and maintained in writing. 29 U.S.C. § 1102(a)(1). An employer must give a summary plan description to each participant including a statement describing any nonforfeitable pension benefits and disclosing any qualifications or limitations to the right to receive such benefits. 29 U.S.C. §§ 1021(a) and 1022(b).

In the case before us, Employee asserts his benefits should be fully vested as a matter of law because the benefit plan did not comply with these requirements. He contends because it totally failed to comply with ERISA's writing and disclosure require-

ments, Employer should not be able to impose "unwritten, undisclosed restrictions" on benefits. He contends the trial court erroneously concluded he must establish a promise of vesting to establish a vested interest. He argues this position conflicts with the purpose of ERISA by placing the burden of establishing benefits on the employee.

 Whether an employee has a vested interest in a benefit plan is a question of fact. Vested for the purposes of ERISA means "nonforfeitable," which is further defined as "unconditional." 29 U.S.C. §§ 1002(25) and 1002(19). Thus, an interest in a pension benefit program is "vested" if the employee is entitled to retain benefits even if his or her employment is terminated prior to retirement. In the case of a formal benefit plan distributed to participants, rights may be determined by reference to the plan's express terms. *See McGee v. Equicor–Equitable HCA Corp.,* 953 F.2d 1192, 1202 (10th Cir.1992) (notice that an HMO interpreted a contract as providing only limited benefits is not effective to reduce benefits granted under contract). Where the plan does not comply with ERISA's writing, disclosure and distribution requirements, rights under the plan may be established by the totality of the evidence. In this case, the trial court found no promise of vesting and no benefits actually vested. Employee does not appeal these factual findings.

 Employee's argument on the effect of ERISA's noncompliance fails to establish the benefit plan provided for vesting. Something more than just the failure of the employer to comply with its duties under ERISA is necessary to establish a right to alleged benefits.[2] Otherwise, ERISA would be turned into a strict liability statute: any time the employer failed to comply with its duties under ERISA, an employee would receive any alleged benefit he or she claims they expected. In the present case, Employee was promised participation in the salary continuation plan only while he was em-

---

**2.** Despite being covered by ERISA, Dr. Hein did not establish the minimum vesting requirements applied to the plan. *Cf.* 29 U.S.C. § 1051(2) (unfunded plans for benefit of top employees exempt from minimum vesting); *Healy v. Rich Prod. Corp.,* 981 F.2d 68, 73 (2d Cir.1982) ("top-

hat" plans exempt from ERISA's vesting requirements); *Belsky v. First Nat'l Life Ins. Co.,* 818 F.2d 661, 664 (8th Cir.1987) (salary continuation plan for top employees was unfunded plan not covered by ERISA despite employer-owned insurance policies on participants).

ployed. Further, he was employed for only twenty-seven months, which does not qualify under even the shortest minimum vesting requirements for plans covered by ERISA. 29 U.S.C. § 1053.

Two cases from this circuit relied upon by Employee, *Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust*, 920 F.2d 651, 661 (10th Cir.1990), and *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 894 (10th Cir.1991), do not require a different result. The *Pratt* court examined a written plan containing express requirements for the vesting of benefits. In those circumstances, we held the plan administrators could not subsequently amend the plan to deny the plan participant benefits for which he had already qualified. *Pratt*, 920 F.2d at 661. Unlike the plan participant in *Pratt*, Employee here did not qualify for vested benefits because the plan did not provide for such vesting. Thus, *Pratt's* declaration that vested benefits could not be denied by a subsequent amendment of a plan is not applicable to this case.

Similarly, our statements on promised pensions in *Boren* are not authority for the employee's position in this case. In *Boren*, we noted under common law if there is a promise of a pension, which an employee accepts by performing his duties, then there is a pension. 933 F.2d at 894. In contrast, in the case before us, the trial court found Employee was not led to believe he would receive what he now seeks—benefits surviving his termination prior to retirement. Thus, *Boren* is not applicable to this case because there was no promise of vested benefits.

## II

■ Employee's second argument is Employer must be estopped from denying the benefits vested because it did not tell him otherwise. We have previously held estoppel cannot be used to modify the written terms of an ERISA qualified plan. *Straub v. Western Union Tel. Co.*, 851 F.2d 1262, 1264–66 (10th Cir.1988) (no liability under ERISA for purported oral modification of written terms of employee pension plan). We need not decide the issue of whether estoppel is applicable to unwritten plans covered by ERISA because estoppel does not, as a matter of law, apply on the facts as determined by the trial court.

■ Estoppel is not applicable in the absence of a promise or representation. "An estoppel arises when one party has made a misleading representation to another and the other has reasonably relied to his detriment on that representation." *Black v. TIC Inv. Corp.*, 900 F.2d 112, 115 (7th Cir.1990) (estoppel applies in case involving unfunded welfare plan covered by ERISA). In the present case, the trial court found there was no representation, by promise or otherwise, that the employee would continue to be covered by the salary continuation plan if his employment was terminated before retirement. Therefore, as a matter of law, there was no representation that could act as an inducement to begin or to continue employment, upon which the employee relied to his detriment. Accordingly, we affirm the trial court's conclusion Dr. Hein has no vested interest in the salary continuation Plan.

## B

■ Employer's cross-appeal also involves a single issue: Is Employer entitled to recover under the faithless servant doctrine as a result of Employee's attempt to amend the salary continuation plan to show vested benefits?

When Employee sued to establish vested benefits under the salary continuation plan, Employer cross-claimed for the return of his salary and benefits under the faithless servant doctrine of Kansas law. Its position was Employee conspired to defraud it by obtaining the signature of its former president on the backdated document to show he had vested interest in the salary continuation plan when the company was purchased.

The trial court found no support for Employer's cause of action in its findings of fact. It found no intent to defraud Employer and therefore no fraud. It found no showing Employee breached his duties to Employer by committing fraud against it. Instead, the trial court found Employee honestly believed all along he was entitled to vested benefits.

Because there was no finding of intent to deceive, and therefore no fraud, the trial court dismissed the counterclaim.

Employer's challenge to the dismissal is confusing. Employer asserts that even presuming all factual findings of the trial court are correct, the trial court should have found fraudulent misrepresentation by the employee, and therefore it should recover under the faithless servant doctrine.

■ As noted above, because the trial court's findings were not expressly appealed, we accept them and review the trial court's conclusions of law de novo. Fraud is a question of fact to be determined by the jury or, in this case, by the trial court as the case was tried without a jury. *Massey–Ferguson, Inc. v. Bent Equip. Co.*, 283 F.2d 12, 15 (5th Cir.1960) (citing 37 C.J.S. Fraud § 123).

■ Under the faithless servant doctrine of Kansas, if an employee's actions are so disloyal or dishonest that they permeate his service to his employer, the employee forfeits the compensation to which he would otherwise be entitled. *Bessman v. Bessman*, 214 Kan. 510, 520 P.2d 1210, 1217–20 (1974). Such a faithless servant will be denied compensation only during the period of his faithlessness. *Id.* 520 P.2d at 1219–20.

Employer contends the trial court's findings show Employee conspired with others and used fraudulent methods to deceive it into believing he had vested benefits. This position is in conflict with the trial court's express findings. The trial court found Employee honestly believed he was entitled to vested benefits, and found no intent to deceive. Therefore, Employer's argument fails because the trial court found there was no fraud.

Employer attempts to avoid the effect of the trial court's findings on fraud by contending there was constructive fraud even in the absence of intent to deceive. Employer relies upon *FDIC v. Hudson*, 758 F.Supp. 663, 670 (D.Kansas.1991), for the proposition a breach of a legal or equitable duty may constitute constructive fraud in the absence of the intent to deceive. Once again, this theory is defeated by the trial court's express findings. The trial court found Employer did not make a *prima facie* showing Employee breached his duty to Employer. Accordingly, the record does not establish constructive fraud.

The trial court's dismissal of the claim under the faithless servant doctrine is supported by its findings of fact. Only fraud and breach of duty are asserted as a basis for recovery under the faithless servant doctrine. The trial court found no fraud and no breach of duty. Accordingly, we find no error in the trial court's dismissal of the counterclaim.

Accordingly, we **AFFIRM** the trial court's decision in all respects.