**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GREGORIO MESA,

Plaintiff-Appellant,

v.

STATE OF NEW MEXICO ex rel.; FRED
GIFFORD, individually and in his official
capacity as Magistrate of Luna County;
NEW MEXICO STATE POLICE, an agency
of the State of New Mexico; EDWARD
APODACA, individually and in his official
capacity as a patrolman for the New Mexico
State Police, and Sheriff of Luna County in
his official capacity; JIM CLAY, Sheriff of
Luna County, individually and in his official
capacity; COUNTY OF LUNA,

Defendants-Appellees.

No. 96-2171
(D.C. No. CIV-94-862-PJK)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Gregorio Mesa appeals the district court's grant of summary judgment to defendants on his civil rights complaint. Plaintiff instituted this action pursuant to 42 U.S.C. §§ 1983, 1985(3), and the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 to -27, seeking damages resulting from his arrest for contempt of court. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

On January 19, 1993, plaintiff appeared before defendant Fred Gifford, a New Mexico magistrate judge, on a charge of speeding. Plaintiff took exception to the magistrate judge's finding of guilty and requested an immediate appeal. The magistrate judge required that plaintiff sign an "Agreement to Pay the Fine (And Court Costs)" form, and when plaintiff refused, the magistrate judge found him in contempt and ordered him taken into custody. Pursuant to the magistrate judge's verbal order, defendant New Mexico Police Officer Edward Apodoca arrested plaintiff. In his complaint, plaintiff asserted that Officer Apodoca used excessive force in executing the arrest order. Plaintiff was held in the Luna County jail for approximately two to three hours before being released.

Plaintiff claimed that Magistrate Judge Gifford held him in contempt without benefit of hearing and was responsible for the illegal actions of Officer

Apodoca. He claimed that defendants Luna County and Jim Clay, Sheriff of Luna County, failed to see to his medical needs while he was incarcerated. Finally, he claimed damages against Officer Apodoca, individually and in his official capacity, for use of excessive force, false arrest, imprisonment, assault and battery, violation of due process, and malicious prosecution.

In granting summary judgment, the district court determined that plaintiff's claims against the State of New Mexico, the New Mexico State Police, and Officer Edward Apodoca, in his official capacity, were barred by Eleventh Amendment immunity. Because plaintiff's § 1985(3) claim was against only Magistrate Judge Gifford, and because Magistrate Judge Gifford had been dismissed from the suit by stipulation of the parties, the court did not further address that claim. The court found that plaintiff had not stated a basis for liability under § 1983 against the governmental entities, including Luna County, and that respondeat superior was not a proper basis for liability.

The district court determined that although Officer Apodoca's execution of the arrest order was protected by absolute immunity, this immunity did not extend to the manner in which the arrest was undertaken. The court found that a heated exchange took place between plaintiff and the magistrate judge following the verbal arrest order. According to Officer Apodoca's deposition, plaintiff wedged himself into a corner in the courtroom. Plaintiff claimed that Officer Apodoca

-3-

"tightly handcuffed Plaintiff, cutting off Plaintiff's circulation, and shoved, pushed and dragged Plaintiff to jail, without any regard for his advanced age or his serious medical condition." R. Vol. I, tab 19 at 5. Plaintiff sought no medical attention as a result of the arrest, and admitted in deposition that most of the damage he suffered was as a result of the mental anguish of being arrested. Concluding that plaintiff suffered "minimal injury, if any," as a result of Officer Apodoca's actions, id., tab 42 at 4, the court granted summary judgment on the excessive force claim, finding that Officer Apodoca's actions were "objectively reasonable" under the circumstances. See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (a Fourth Amendment claim of excessive force in the course of making an arrest is properly analyzed as whether the officer's actions were "'objectively reasonable' in light of the facts and circumstances;" "[n]ot every push or shove . . . violates the Fourth Amendment") (quotations omitted).

Finally, plaintiff claimed that he had a heart condition and was recovering from a recent colostomy at the time of his arrest. He asserted that the Luna County Sheriff, Jim Clay, and Luna County failed to provide him with medical attention during his incarceration. He testified in deposition, however, that he did not require immediate medical attention, but was concerned about potential medical problems if he continued to be incarcerated. The court concluded, therefore, that he had failed to state a claim of deliberate indifference to serious

medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (holding that "[i]n order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs").

Upon resolution of plaintiff's federal claims, the district court declined to exercise jurisdiction over plaintiff's state law claims, dismissing those claims without prejudice. See Graham v. Independent Sch. Dist. No. I-89, 22 F.3d 991, 993 n.3 (10th Cir. 1994) (district court's dismissal of state law claims without prejudice does not bar litigant from refiling in state court).

On appeal, plaintiff, appearing pro se, contends that (1) he was inadequately represented by his retained counsel, (2) the district court erred in granting summary judgment in light of counsel's inadequate representation, (3) certain of the defendants committed perjury, (4) the district court failed to consider a witness's deposition testimony, (5) the district court improperly applied the law, and (6) plaintiff's counsel stipulated to the dismissal of defendant Fred Gifford without plaintiff's permission to do so.

Plaintiff's assertion that his counsel was ineffective, thus requiring remand of the case, is without merit. The Sixth Amendment right to effective counsel does not extend to civil cases. See MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988) (holding there is no constitutional right to counsel in a

civil action, and noting that a malpractice action is the appropriate remedy for claims of inadequate representation).

Plaintiff's assertion that the district court improperly applied the law is without development or support of authority. While plaintiff, as a pro se litigant, is entitled to a more liberal construction of his pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues," Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). The remaining issues raised by plaintiff on appeal were not presented to the district court, and will not be considered on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (noting that appellate courts generally will not consider an issue on appeal not raised below).

As plaintiff has not expressly appealed the district court's findings, we will accept them as undisputed. See Hein v. TechAmerica Group, Inc., 17 F.3d 1278, 1279 (10th Cir. 1994). Therefore, plaintiff's motion requesting remand is DENIED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge