F I L E D
United States Court of Appeals
Tenth Circuit

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT REYNOLDS, JR.,

　　　　Plaintiff-Appellant,

v.

COMANCHE COUNTY BOARD OF
COUNTY COMMISSIONERS;
COMANCHE COUNTY JAIL;
KENNETH STRADLEY,

　　　　Defendants-Appellees.

No. 96-6272
(D.C. No. CIV-94-1004-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Reynolds, Jr. appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint, alleging various constitutional violations in relation to his three-month confinement as a pretrial detainee in the Comanche County Jail. Upon consideration of the parties' briefs and review of the record, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

## I.

Plaintiff was held in the Comanche County Jail for approximately one hundred days on a charge of escape. Although plaintiff had been convicted and was serving his sentence when he escaped, he was being held as a pretrial detainee during the period of time in question here. In his complaint, plaintiff claimed that his rights under the First, Eighth, and Fourteenth Amendments were violated during his detention. He also claimed he was denied needed medical treatment for an injury he received while he was incarcerated.

---

[1] Plaintiff filed his notice of appeal on August 1, 1996, after the April 26, 1996, enactment of the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321. The district court did not grant plaintiff leave to proceed in forma pauperis on appeal. Thus, we grant plaintiff permission to proceed on appeal without prepayment of the filing fee, but hereby assess plaintiff the filing fee in accordance with § 1915(b), as amended by the PLRA. The Clerk of the Court is directed to enter an order assessing the fee and requiring submission of appropriate forms and documents.

Upon recommendation of the magistrate judge, the district court dismissed all of plaintiff's claims except his complaints regarding the conditions of his confinement and the denial of needed medical care. The matter was returned to the magistrate judge for further proceedings. Following an evidentiary hearing, the magistrate judge entered judgment in favor of defendants.[2] On appeal, plaintiff claims that the magistrate judge's decision in favor of defendants was incorrect. We do not agree.

## II.

Plaintiff alleged that (1) his cell was unclean and overcrowded, forcing him to sleep on the floor without a mattress;[3] (2) he was confined without proper toilet facilities; (3) his cell contained poor lighting and inadequate ventilation; (4) he was denied access to personal hygiene articles; and (5) he was denied proper exercise. Plaintiff contends that although individually, these conditions of confinement do not constitute a due process violation, when considered together over a period of one hundred days, plaintiff's constitutional rights were violated.

---

[2] The parties consented to final adjudication by the magistrate judge pursuant to 28 U.S.C. § 636(c).

[3] On appeal, plaintiff appears to have abandoned his claim that he had no mattress, and instead contends that he was forced to sleep on the floor without a bed. See Appellant's Br. at 3-4.

The Supreme Court has held that, while the Eighth Amendment's proscription against cruel and unusual punishment does not apply to pretrial detention, "[d]ue process requires that a pretrial detainee not be punished." Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). In determining whether certain conditions imposed on a pretrial detainee amount to punishment, the court must determine whether the conditions were imposed for the purpose of punishment or whether the conditions were incident to some other government purpose. See id. at 538.

Upon his arrival at Comanche County Jail on August 2, 1993, plaintiff was initially placed in a cell which, although designed to house sixteen inmates, held twenty to twenty-four inmates on a fluctuating basis. He was in this cell for only four or five days, at which point he was moved, at his request, to a cell designed to house eighteen inmates. Jail records indicate that during August 1993, the number of inmates in this cell ranged from eighteen to twenty-seven, during the month of September 1993, from fourteen to twenty-three, and during the month of October 1993, from fourteen to twenty-three. See Appellant's App. at 19 n.5. During September and October 1993, the number of inmates housed in the cell fell at or below capacity for a substantial number of days. See id. The magistrate judge acknowledged that the jail records indicate that during plaintiff's incarceration, the number of toilets, showers, and basins mandated per inmate fell

below the standard of one for every twelve inmates.  See id. at 28-29.  Moreover, the ventilation and lighting provided were also below standard.  See id. at 29.

We have held that prison officials must provide "reasonably adequate" ventilation, sanitation, bedding, hygienic materials, and utilities.  Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980).  Referring to the testimony of E. M. Martin, the Oklahoma state jail inspector for Comanche County, the magistrate judge concluded that although conditions in the jail during plaintiff's stay "were undoubtedly uncomfortable and unpleasant," they did not constitute punishment in violation of his constitutional rights.  Appellant's App. at 26.  Mr. Martin testified that despite the overcrowding, at all times relevant to plaintiff, conditions at the jail were reasonably adequate to meet plaintiff's needs, and did not constitute inhumane treatment or a deprivation of the basic needs of life.  See id. at 136-37.  Moreover, Mr. Martin testified that if that had not been the case, he would have shut the jail down as he had done with other facilities.  See id. at 137-38.

An important factor to consider in reviewing plaintiff's complaints is his length of stay in the jail facility.  The Supreme Court has stated that "confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those

conditions amounted to punishment." Bell, 441 U.S. at 542. The facility at issue in Bell was routinely releasing a majority of its detainees within sixty days. The court concluded that the prison conditions endured during this period were not constitutionally inadequate. See id. at 542-43. Likewise, while the conditions and deprivations of which plaintiff complains may, over a long period of time, become punishment, we agree with the magistrate judge that for the few months of plaintiff's confinement, they were constitutionally permissible.

**III.**

Next plaintiff asserts that he was denied medical treatment for an injury to his back received during an altercation with an officer at the jail on October 22, 1993. Following the altercation, plaintiff was placed in a maximum security cell because he was out of control and presented a danger to himself and others. Plaintiff claimed that Diana Laux, a nurse at the jail, observed him through a window on October 23, 1993, but did not treat him until October 26, 1993, at which time she recommended that plaintiff be seen by a doctor. Plaintiff asserts, in a conclusory fashion, that the delay in treatment constituted a deliberate indifference to his injury.

At the hearing, Ms. Laux testified that the injury to plaintiff's back was a small abrasion of "a type that you would receive from a carpet burn or maybe

concrete if you skinned your knee or something." Appellant's App. at 162. Because the jail personnel consulted Ms. Laux by telephone regarding whether, and in what manner, plaintiff should be restrained, Ms. Laux was aware of the altercation. She testified, however, that she did not know of any injury until she treated plaintiff on October 26, 1993. See id. at 160-62. Although she determined that plaintiff's injury was not of a serious nature and did not require treatment by a doctor, she testified that, because plaintiff was demanding to see a doctor, she authorized a hospital visit. See id. at 159, 162-63. Plaintiff saw a doctor on August 31, 1993.

Under the due process clause of the Fourteenth Amendment, as a pretrial detainee, plaintiff was entitled to the same protection of his need for medical attention as that afforded a convicted prisoner under the Eighth Amendment. See Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992). Plaintiff's claim, therefore, is considered under the "deliberate indifference to serious medical needs" standard of Estelle v. Gamble, 429 U.S. 97, 104 (1976). A constitutional violation occurs only when the government official has exhibited deliberate indifference to an established serious medical need. See Frohmader, 958 F.2d at 1028. A mere delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay was the result of deliberate

indifference resulting in substantial harm.  See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

The magistrate judge determined that plaintiff's injuries were not sufficiently serious to satisfy the first prong of the Supreme Court's test in Estelle--the existence of a serious medical need.  On appeal, plaintiff does not assign error to this finding.  See Hein v. TechAmerica Group, Inc., 17 F.3d 1278, 1279 (10th Cir. 1994) (holding that a reviewing court accepts as undisputed the district court findings not expressly appealed by the litigant).  Even if we were to assume, however, that plaintiff's injury was sufficiently serious, we agree with the magistrate judge that plaintiff failed to show that any delay in treatment was the result of deliberate indifference, or that the delay resulted in substantial harm.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge

-8-