**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STAN K. BUCK,

        Plaintiff - Appellant,

v.

INDUSTRIAL COMMISSION OF
UTAH; EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Western Region Office,

        Defendants - Appellees.

Nos.  01-4224 & 01-4261
D.C. No. 2:01-CV-416-ST
(D. Utah)

**ORDER AND JUDGMENT**   *

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Stan K. Buck, proceeding pro se, appeals the dismissal of his case. The district court held that the Eleventh Amendment barred Mr. Buck's claims against the Industrial Commission of Utah and that Mr. Buck had failed to state a claim upon which relief can be granted against the Equal Employment Opportunity Commission (EEOC), under Fed. R. Civ. P. 12(b)(6). The district court entered separate orders dismissing each defendant. Mr. Buck filed a notice of appeal from each order. We consolidated the appeals. Our jurisdiction arises from 28 U.S.C. § 1291. We affirm.

## Background

Mr. Buck sustained an injury while working for a private employer. He asserts that his employer failed to provide a reasonable duty of care, failed to accommodate his disability, wrongfully terminated his employment, and retaliated against him for exercising his rights. As required by Utah workers' compensation procedures, he filed a claim with the Industrial Commission. After many months passed without resolution of his claims, Mr. Buck filed a lawsuit in state court based on his injury, although he has not made clear the nature of his claims or the identity of the parties. He alleges his state-court case was compromised by the Industrial Commission's delays in processing his claims, which included transferring them to the EEOC. The EEOC declined Mr. Buck's requests for a right-to-sue letter, at first because it had not received the claim from the

Industrial Commission, and later because it had not had an opportunity to conduct an investigation. Mr. Buck alleged that this caused additional delay and further hampered his state-court case.

Mr. Buck then filed this lawsuit in federal court alleging that the Industrial Commission violated his federal rights to due process and equal protection when it failed to notify him timely that it had terminated its proceedings and failed to maintain accurate records and to make them available to him. R. doc. 1, at 2. He further claimed that the Industrial Commission violated an implied contract to protect his civil rights in the worker's compensation and discrimination claims and that it engaged in unlawful conduct when it gave him false and misleading directions to take his case to federal court before it would release its records. Id. Mr. Buck alleged that the EEOC failed to afford him the required substantial-weight review and it failed to investigate his claims. Id. Mr. Buck's former employer is not a party to this action.

In dismissing Mr. Buck's case, the district court also denied Mr. Buck's request to amend his complaint, finding that amendment would be futile. Mr. Buck appeals.

### Discussion

We review de novo the district court's orders dismissing Mr. Buck's claims against the Industrial Commission based on Eleventh Amendment sovereign

immunity.  Joseph A., ex rel. Wolfe v. Ingram, 275 F.3d 1253, 1259 (10th Cir. 2002).  We also review de novo the district court's ruling under Rule 12(b)(6) that Mr. Buck failed to state a claim against the EEOC on which relief can be granted. Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002).  Mr. Buck maintains he is entitled to damages against the Industrial Commission under 42 U.S.C. § 1983; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12202 & 12203; and Title VII, 42 U.S.C. § 2000e.  For his claims against the EEOC, Mr. Buck relies on Title VII, the ADA and the Administrative Procedures Act (APA), 5 U.S.C. §§ 522a(g)(4), 702, 704 & 706.  He has abandoned on appeal his claim against the EEOC based on § 1983.   Because he is representing himself on appeal, his pleadings will be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

Mr. Buck does not contest the district court's finding that the Industrial Commission is an arm of the State of Utah.  Therefore, we accept this underlying factual finding. [1]  Cf. Hein v. TechAmerica Group, Inc., 17 F.3d 1278, 1279 (10th Cir. 1994) (accepting district court's findings as undisputed because not expressly appealed).  The Eleventh Amendment bars Mr. Buck's claim under § 1983

---

[1]     Our decision to affirm the district court's conclusion that the Industrial Commission is an arm of the state is based solely on the fact that Mr. Buck does not dispute this underlying factual finding.  The record provides no basis to evaluate whether the finding is correct.

because the State is not a "person" against whom § 1983 claim can be brought. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). It also precludes his claim under the ADA because the ADA's attempt to waive sovereign immunity has been rejected. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001) (invalidating waiver of states' immunity under Title I of ADA); Thompson v. Colorado, 278 F.3d 1020, 1034 (10th Cir. 2001) (same for Title II of ADA), cert. denied, 122 S. Ct. 1960 (2002). As for Mr. Buck's assertion that Title VII authorizes his damages claim against the Industrial Commission, this issue is deemed waived because he failed to argue it in his appellate briefs. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990). Therefore, we affirm the order dismissing the complaint against the Industrial Commission.

We also affirm the district court's dismissal of Mr. Buck's claims against the EEOC for failure to state a claim upon which relief can be granted. "The circuits which have addressed the issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim." Scheerer v. Rose State Coll., 950 F.2d 661, 663 (10th Cir. 1991) (quotation omitted) (collecting cases); accord Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (collecting cases holding "Congress has not authorized, either expressly or

-5-

impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.").

Mr. Buck asserts that the APA provides a civil remedy against the EEOC. He relies on 5 U.S.C. § 552a(g)(4)(A) & (B).[2] To maintain a suit under that section, a plaintiff must establish that "the agency acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4). "Intentional or willful" is defined as "action so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful, or conduct committed without grounds for believing it to be lawful or action flagrantly disregarding others' rights under [§ 552a(g)(4)]." Pippinger v. Rubin, 129 F.3d 519, 530 (10th Cir. 1997) (quotation omitted). Alleging gross negligence is insufficient. See Andrews v. Veterans Admin., 838 F.2d 418, 425 (10th Cir. 1988). Mr. Buck's allegations fall short of the "intentional or willful" standard; therefore, he has failed to state a claim upon which relief can be granted.

The other sections of the APA Mr. Buck cites apply to judicial review of agency action, not to claims for damages against an agency. Consequently, they do not apply to this case brought against a federal agency. Accordingly,

---

[2] Mr. Buck's appellate brief cites 5 U.S.C. § 522a, but it is clear that he relies on § 552a.

Mr. Buck's claim against the EEOC for mishandling his charge of discrimination was properly dismissed under Rule 12(b)(6).

Finally, we consider Mr. Buck's claim that the district court erred in denying him leave to amend his complaint to include claims based on 42 U.S.C. § 1985, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). The district court correctly determined that Mr. Buck could not state a claim under any of those authorities.

Mr. Buck failed to allege the requisite racial or class-based animus for a claim under § 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). A Bivens action alleging that a federal actor violated a plaintiff's constitutional right cannot be maintained against a federal agency. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). Mr. Buck's failure to exhaust administrative remedies on his FTCA claim precludes filing suit. 28 U.S.C. § 2675(a). Therefore, it is "patently obvious" that Mr. Buck cannot prevail on his proposed amendments, "and allowing him an opportunity to amend his complaint would be futile." Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir.), cert. denied, 122 S. Ct. 274 (2001).

The judgment of the United States District Court for the District of Utah AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge