**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STAN K. BUCK,

      Plaintiff-Appellant,

v.

UTAH LABOR COMMISSION;
LDS WELFARE SERVICES;
INDUSTRIAL COMMISSION
OF UTAH,

      Defendants-Appellees.

No. 02-4205
(D.C. No. 1:02-CV-87-DB)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Stan K. Buck, proceeding pro se, appeals the judgment of the district court dismissing his claims against two defendants. Plaintiff's claims stem from an industrial accident and involve the response of his employer, defendant L.D.S. Welfare Services, to that accident, the eventual termination of his employment, his filing of charges with the second defendant, Utah Labor Commission, and the Commission's alleged lack of response to those charges. The district court dismissed the claims against the Commission on the basis of its Eleventh Amendment immunity. In a separate order it dismissed the claims against Welfare, holding that those claims were barred by all applicable statutes of limitation and were also barred by claim preclusion. R. docs. 23, 26. Our jurisdiction arises from 28 U.S.C. § 1291. We affirm.

Claims Against Utah Labor Commission

Shortly after the district court in this case determined that the Commission was entitled to Eleventh Amendment immunity, this court, in a related appeal also brought by plaintiff against the Commission, similarly concluded that the Eleventh Amendment shields the Commission from claims alleging violations of 42 U.S.C. § 1983, and the Americans with Disabilities Act (ADA). *Buck v. Indus. Comm'n,* Nos. 01-4224 & 01-4261, 2002 WL 31516609, 51 Fed. Appx. 832 (10th Cir. Nov. 13, 2002). In that appeal, as in this one, plaintiff did not dispute the district court's finding that the Commission is an arm of the State of Utah.

2

Therefore, we accept this underlying factual finding for purposes of this appeal. *Cf. Hein v. TechAmerica Group, Inc.,* 17 F.3d 1278, 1279 (10th Cir. 1994) (accepting district court's findings as undisputed because not expressly appealed).

In this case, in addition to § 1983 claims and claims under the ADA, plaintiff has added claims against the Commission under 42 U.S.C. § 1985, the Utah Constitution, the Utah Administrative Procedures Act, and the federal Administrative Procedures Act, as well as state law claims of conspiracy to deny his statutory and civil rights. R. doc. 1, at 1-2; 7-12. We review de novo the district court's order dismissing plaintiff's claims against the Commission based on the Eleventh Amendment. *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002). We agree with the district court that these claims, like those brought in the earlier suit, are barred by the Commission's Eleventh Amendment sovereign immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (holding that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1985); *Johns v. Stewart*, 57 F.3d 1544, 1554 (10th Cir. 1995) (holding that, under Utah's Governmental Immunity Act, state courts have exclusive jurisdiction over suits brought against the State).

Claims Against L.D.S. Welfare Services

Plaintiff was employed by L.D.S. Welfare Services (Welfare) until April 1995. R. doc. 5, Ex. 3 at 9. Prior to the termination of his employment, he had been involved in an industrial accident. *Id.* at 4. Plaintiff's complaint against Welfare alleged, *inter alia*, that defendant violated its employment policies, wrongfully terminated him, discriminated and retaliated against him, failed to provide a reasonable accommodation after his injury, and conspired with the Labor Commission to deprive him of a timely investigation and hearing and to deny him his substantive rights. As with his claims against the Labor Commission, plaintiff asserts violations of 42 U.S.C. § 1983 and § 1985, the ADA, the Utah and federal Administrative Procedure Acts, and the Utah Constitution, as well as state law claims of conspiracy to deny his statutory and civil rights. R. doc. 1, at 7-12. The district court dismissed plaintiff's claims against Welfare on two grounds, as time barred and as barred by claim preclusion. R. doc. 26, at 10. We agree that under any applicable statute of limitations, plaintiff's claims were brought too late. Our resolution of this matter makes it unnecessary for us to address the claim-preclusion issue.

The district court correctly determined that Utah's four-year statute of limitations for general personal injury actions applies to plaintiff's § 1983 and § 1985 claims. *See Owens v. Okure*, 488 U.S. 235, 236 (1989). Further, because

the Utah Constitution does not specify any express limitation period, the four-year residual statutory limit controls his state constitutional claim as well. *See* Utah Code Ann. § 78-12-25(3); *see also Quick Safe-T Hitch, Inc. v. RSB Systems L.C.*, 12 P.3d 577, 579 (Utah 2000). Plaintiff's ADA claim had to be brought within ninety days of receipt by him of the February 1998 right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a) (expressly adopting Title VII filing deadline for ADA claims). Under the Utah Administrative Procedures Act, parties have thirty days after a decision is issued in which to bring suit. Utah Code Ann. § 63-46b-14(3). As for plaintiff's claim under the federal Administrative Procedures Act, he raises no argument on appeal regarding the applicable limitations period.

"[A] cause of action accrues and the relevant statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action . . . ." *O'Neal v. Div. of Family Servs.*, 821 P.2d 1139, 1143 (Utah 1991) (internal quotation marks omitted). Plaintiff's employment was terminated in April 1995. R. doc. 5, Ex. 3 at 9. The EEOC dismissed the industrial-accident charges and issued its right-to-sue letter on February 19, 1998, R. doc. 7, Ex. 1. In April 1998 plaintiff filed his first action in the federal district court against the Industrial Commission (later renamed the "Utah Labor Commission"), *see* http://pacer.utd.uscourts.gov, case no. 98cv58, alleging essentially the same facts

5

which form the basis of the claims he brings against Welfare, *see Buck* , 2002 WL 31516609, at \*\*1. Plaintiff, however, did not file this suit until July 17, 2002, R. doc. 1, at i, more than four years later. As discussed above, none of the relevant statutes of limitation would allow plaintiff to bring these claims more than four years after their accrual.

Plaintiff points to no claim that accrued less than four years before he filed this suit. The closest he comes in that regard is to contend that the statute of limitations on his conspiracy claim should have begun to run from the date of a letter sent by an attorney for defendant Labor Commission to defendant Welfare, as that was the "last event necessary" to establish the alleged conspiracy. Plaintiff's Brief at 3. This argument is unavailing for plaintiff's cause, however, because that letter was dated April 27, 1998, *id.* at Ex. E, giving plaintiff until April 27, 2002, in which to file suit. As noted above, this action was not commenced until July 17, 2002. Even if plaintiff is correct about the accrual date of his conspiracy claim, the claim is time-barred.

Plaintiff argues that Utah's discovery exception to the general law regarding statutes of limitations should apply to his case. Under that theory, "the limitations period does not begin to run until the discovery of facts forming the basis for the cause of action." *O'Neal* , 821 P.2d at 1143 (internal quotation marks omitted). For the discovery rule to come into play, however, a plaintiff

6

must show that he was ignorant of the factual basis for his claim. *Id.* at 1144.

If a plaintiff was "aware, or should have been aware, of the facts upon which a claim could be brought," the discovery rule is inapplicable. *Id.*

Plaintiff cannot make this threshold showing. He has failed to point to any factual basis for invoking the discovery rule in this case. In particular, with respect to the conspiracy claims, in a letter to the Utah state court in August 1997 plaintiff stated that "it appears that there may have been collusion" between defendants. R. doc. 5, Ex. 3 at 1. Thus, plaintiff then had enough knowledge to raise such claims.

Other than application of the discovery rule, plaintiff does not advance any other bases in his brief upon which the statutes of limitation could be tolled, nor does he assign as error the district court's conclusion that no such tolling was appropriate.

Plaintiff's motion to amend the district court record is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge

7